UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **Theron Johnny Maxton**, # 140384, | ) **C/A No. 0:05-0993-DCN-BM** |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) |
| | ) **Report and Recommendation** |
| **George T. Hagan**, Warden of Allendale | ) |
| Correctional Institution; | ) |
| **NFN Odom**, Sergeant at Allendale | ) |
| Correctional Institution; | ) |
| **NFN Moore**, Officer at Allendale Correctional | ) |
| Institution; and | ) |
| **Linda Martin**, Grievance Coordinator at | ) |
| Allendale Correctional Institution, | ) |
| | ) |
| Respondents. | ) |
| _____ | |

The petitioner, Theron Johnny Maxton, who is proceeding without
counsel, brings the above-captioned case. He is obviously seeking a writ of
mandamus.[1] The petitioner is an inmate at the Allendale Correctional
Institution, a facility of the South Carolina Department of Corrections (SCDC)
located in Fairfax, South Carolina. He was formerly confined at the Evans
Correctional Institution in Bennettsville, South Carolina.

_____

    [1]The petitioner has left "blank" the space in the caption of the petition for indicating what
type of petition is being filed.

The "STATEMENT OF CLAIM" portion of the petition reveals that this mandamus-type action arises out of alleges of sexual harassment of the petitioner by respondent Odom, the absence of a prison job on the "Yard," and the alleged refusal of respondent Martin to process the petitioner's grievances. In his prayer for relief, the petitioner writes:

> 1. Plaintiff seek [sic] an Injunction and Restraining order against Sergeant Odom and officer Moore.

> 2. Plaintiff seek [sic] an order to have the State Department of Corrections fix the Grievance office here at Allendale Correctional Institution to serve everyone Fair and without Prejudiced [sic] and Retaliation, By Changeing [sic] the staff in the Grievance Office with New ones[.]

(Petition, at page 4).

## *Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act. The review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25, 118 L.Ed.2d 340, 112 S.Ct. 1728, 1992 U.S. LEXIS® 2689 (1992); Neitzke v. Williams, 490 U.S. 319, 324-325, 1989 U.S. LEXIS® 2231 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951, 1995

2

U.S.App. LEXIS® 26108 (4th Cir. 1995)(*en banc*), *cert. denied*, 516 U.S. 1177, 134 L.Ed.2d 219, 116 S.Ct. 1273, 1996 U.S. LEXIS® 1844 (1996); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); and Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979)(recognizing the district court's authority to conduct an initial screening of any *pro se* filing).[2]

 *Pro se* complaints and petitions are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, Leeke v. Gordon, 439 U.S. 970 (1978), and a federal district court is charged with liberally construing a complaint, petition, or pleading filed by a *pro se* litigant to allow the development of a potentially meritorious case.  *See* Hughes v. Rowe, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and Cruz v. Beto, 405 U.S. 319 (1972).  When a federal district court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true.  Fine v. City of New York, 529 F.2d 70, 74 (2nd Cir. 1975).  However, even under this less stringent standard, the pleading is subject to summary dismissal under the Prison Litigation Reform

---

[2]Boyce has been held by some authorities to have been abrogated in part, on other grounds, by Neitzke v. Williams, 490 U.S. 319 (1989)(insofar as Neitzke establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").

Act and under longstanding circuit case law holding that federal courts cannot issue writs of mandamus against state officials or state employees. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Department of Social Services, 901 F.2d 387, 1990 U.S.App. LEXIS® 6120 (4th Cir. 1990).

First, the petitioner is not entitled to mandamus relief in this court, as Circuit precedents teach that a writ of mandamus is a drastic remedy. The writ of mandamus is infrequently used by federal courts, and is usually limited to cases where a federal court is acting in aid of its own jurisdiction. *See* 28 U.S.C. § 1361; and Gurley v. Superior Court of Mecklenburg County, 411 F.2d 586, 587-588 & nn. 2-4 (4th Cir. 1969). Further, a federal district court may issue a writ of mandamus only against an employee or official **of the United States**. *See*, *e.g.*, Fallini v. Hodel, 783 F.2d 1343, 1345 (9th Cir. 1986); and Ocean Breeze Park, Inc. v. Reich, 853 F. Supp. 906, 915, 1994 U.S.Dist. LEXIS® 7264 (E.D.Va. 1994), *affirmed*, Virginia Beach Policeman's Benevolent Association v. Reich, 96 F.3d 1440, 1996 U.S.App. LEXIS® 28823, 1996 WESTLAW® 511426 (4th Cir., June 5, 1996)[Table]. Hence, the petitioner cannot obtain mandamus relief in this court against the

4

respondents in the above-captioned case, because the respondents and the persons upon whom the petitioner seeks mandamus relief are either state officials or state employees.

In <u>Gurley</u>, <u>supra</u>, a prisoner sought a writ of mandamus to compel the Superior Court of Mecklenburg County (in North Carolina) to prepare a free transcript.   The district court in <u>Gurley</u> denied the relief sought by the prisoner.  On appeal in <u>Gurley</u>, the United States Court of Appeals for the Fourth Circuit concluded that it was without jurisdiction to issue a writ of mandamus because it exercised no supervisory authority over the courts of the State of North Carolina.  The Court also held that, if the prisoner's petition had been treated as an appeal from the district court's order denying the issuance of the writ, the district court did not have authority to issue a writ of mandamus: "Even if we were to liberally construe this petition as an appeal from the denial of the issuance of a writ of mandamus by the District Court[,] we still have no jurisdiction for the reason that the District Court was also without jurisdiction to issue the writ."   <u>Gurley v. Superior Court of Mecklenburg County</u>, 411 F.2d at 587.

The holding in <u>Gurley</u> was followed by the United States Court of Appeals for the Second Circuit in <u>Davis v. Lansing</u>, 851 F.2d 72, 74, 1988

U.S.App. LEXIS® 9176 (2nd Cir. 1988), which held that "[t]he federal courts have no general power to compel action by state officials[.]"  851 F.2d at 74. *See also* Craigo v. Hey, 624 F. Supp. 414 (S.D.W.Va. 1985), where the district court concluded that the petition for writ of mandamus was frivolous within the meaning of 28 U.S.C. § 1915, and was therefore subject to summary dismissal.  Craigo v. Hey, supra, 624 F. Supp. at 414.  *Accord* Van Sickle v. Holloway, 791 F.2d 1431, 1436 & n. 5 (10th Cir. 1986); Hatfield v. Bowen, 685 F. Supp. 478, 479, 1988 U.S.Dist. LEXIS® 5053 (W.D.Pa. 1988); and Robinson v. Illinois, 752 F. Supp. 248, 248-249 & n. 1, 1990 U.S.Dist. LEXIS® 8246 (N.D.Ill. 1990).

The above-captioned case is also subject to summary dismissal because the petitioner is "struck out" under the Prison Litigation Reform Act (PLRA).  It can be judicially noticed that the petitioner has filed more than three prior frivolous cases in this court, which have been deemed strikes.[3]  Hence, in order to proceed without payment of the filing fee and other court

---

[3]A district court may take judicial notice of materials in the court's own files from prior proceedings. *See* United States v. Parker, 956 F.2d 169, 171, 1992 U.S.App. LEXIS® 1319 (8th Cir. 1992)(the district court had the right to take judicial notice of a prior related proceeding).  *See also* United States v. Webber, 396 F.2d 381, 386-387 (3rd Cir. 1968); Fletcher v. Bryan, 175 F.2d 716 (4th Cir. 1949); and Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239, 1989 U.S.App. LEXIS® 16328 (4th Cir. 1989)("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

costs in this case, the petitioner must show that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).[4]    Applying liberal construction to the pleadings by viewing the facts alleged for an inference of imminent danger of serious physical injury, the undersigned finds no such allegations because the verbal sexual harassment, the absence of a prison job, and the non-processing of the petitioner's grievances do not place him in imminent danger of serious physical injury.

Finally, there is no indication in the petition that the petitioner has filed a grievance concerning the allegations raised in the above-captioned case. Since the petitioner has not shown that he filed a grievance, this case is subject to summary dismissal for failure to exhaust prison remedies. *See* 42 U.S.C. § 1997e(a), which was enacted as part of the Prison Litigation Reform Act; Porter v. Nussle, 534 U.S. 516, 152 L.E.2d 12, 122 S.Ct. 983, 2002 U.S. LEXIS® 1373 (2002); Booth v. Churner, 531 U.S. 956, 149 L.Ed.2d 958, 121 S.Ct. 1819, 2001 U.S. LEXIS® 3982 (2001)(unanimous decision: PLRA

---

[4]A bare unsupported claim by a prisoner that he or she is under imminent danger of serious physical injury will not suffice. Sufficient factual allegations must be set forth to reach this threshold. *See* Carson v. Texas Dept. of Criminal Justice-Institutional Division, 1998 U.S.Dist. LEXIS® 20046, at *1, 1998 WESTLAW® 906989, at *1 (N.D. Texas, December 17, 1998)("Plaintiff is simply attempting to tailor his allegations so they will fall within the statutory exception, but his claims are really simply the usual dissatisfactions with prison life[.]").

requires administrative exhaustion even if grievance procedure does not allow monetary damages and prisoner seeks only monetary damages, so long as grievance tribunal has authority to take some responsive action); and Higginbottom v. Carter, 223 F.3d 1259, 2000 U.S.App. LEXIS® 21087 (11th Cir. 2000). In order to exhaust his administrative remedies, the petitioner must file a "step 1" grievance with the grievance coordinator at the Allendale Correctional Institution. If the petitioner is dissatisfied with the results of his "step 1" grievance, he can file an appeal. Such an appeal would be "step 2" of the SCDC grievance procedure.

In orders filed on May 9, 1996, this court certified that the inmate grievance procedure established by the South Carolina Department of Corrections met the standards required by 42 U.S.C. § 1997e(a)(2). *See* the orders filed in Misc. No. 3:96-MC-83-2 and Misc. No. 3:96-MC-84-2 (D.S.C., May 9, 1996). Furthermore, summary dismissal of the above-captioned case because of non-compliance with the Prison Litigation Reform Act will prevent the petitioner from needlessly incurring a nondischargeable debt of $150 to the United States. *See* Kahn v. Malinov, 1996 U.S.Dist. LEXIS® 7917, 1996 WESTLAW® 311447 (E.D.Pa., June 6, 1996):

> Notwithstanding the fact that plaintiff has complied with this Court's Order of April 16, 1996, because his recent filing is not in

8

> accordance with the [Prison Litigation Reform] Act currently in effect[,] which governs the filing of Applications for Leave to Proceed *In Forma Pauperis*, his Motion for Leave to Proceed *In Forma Pauperis* will be denied without prejudice.  In the event plaintiff decides to proceed in the case, he must comply with all provisions of the Act.

Kahn v. Malinov, 1996 WESTLAW® 311447, at *2.  *See also* Smith v. Urban,

928 F. Supp. 532, 1996 U.S.Dist. LEXIS® 8142 (E.D.Pa. 1996).

### *Recommendation*

Accordingly, it is recommended that the District Court dismiss the

above-captioned case *without prejudice* and without issuance and service

of process.  *See* Denton v. Hernandez, supra; Neitzke v. Williams, supra;

Haines v. Kerner, supra; Brown v. Briscoe, 998 F.2d 201, 202-204 & n. * (4th

Cir. 1993), *replacing* unpublished opinion originally tabled at 993 F.2d 1535

(4th Cir. 1993); Boyce v. Alizaduh, supra; Todd v. Baskerville, supra, 712

F.2d at 74; 28 U.S.C. § 1915(e)(2)(B)[essentially a redesignation of "old"

1915(d)]; and "new" 28 U.S.C. § 1915A[as soon as possible after docketing,

district courts should review prisoner cases to determine whether they are

subject to summary dismissal].   The petitioner's attention is directed to the

Notice on the next page.

Respectfully submitted,

s/ BRISTOW MARCHANT

Columbia, South Carolina                Bristow Marchant
                                        United States Magistrate Judge

April  8, 2005

### Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
### &

## The _Serious Consequences_ of a Failure to Do So

  The petitioner is hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of service. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. _See_ Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

  During the ten-day period for filing objections, **but not thereafter**, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must _specifically identify_ the portions of the Report and Recommendation to which objections are made _and_ the basis for such objections.** _See_ Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. _See_ United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), _cert. denied_, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991). _See also_ Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), _cert. denied_, 474 U.S. 1009 (1985). In Howard, _supra_, the Court stated that general, non-specific objections are _not_ sufficient:

>   **A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.**

_Accord_ Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded _pro se_ in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

>   **Just as a complaint stating only 'I complain' states no claim, an objection stating only "I object" preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.**

_See also_ Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a _pro se_ litigant; and Goney v. Clark, 749 F.2d 5, 6 n. 1 (3rd Cir. 1984)(_per curiam_)("plaintiff's objections lacked the specificity necessary to trigger _de novo_ review"). **This notice, hereby, apprises the petitioner of the consequences of a failure to file specific, written objections.** _See_ Wright v. Collins, _supra_; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

<b>Larry W. Propes, Clerk<br>
United States District Court<br>
901 Richland Street<br>
Columbia, South Carolina 29201</b>

11